1  JOAN B. TUCKER FIFE (SBN: 144572)
   jfife@winston.com
2  Winston & Strawn LLP
   101 California Street
3  San Francisco, CA 94111
   Telephone:   (415) 591-1000
4  Facsimile:   (415) 591-1400

5  EMILIE C. WOODHEAD (SBN: 240464)
   ewoodhead@winston.com
6  Winston & Strawn LLP
   333 S. Grand Avenue
7  Los Angeles, CA 90071-1543
   Telephone:   (213) 615-1700
8  Facsimile:   (213) 615-1750

9  Attorneys for Defendants
   U.S. BANK NATIONAL ASSOC. and
10 U.S. BANCORP INVESTMENTS INC.

11                    **UNITED STATES DISTRICT COURT**

12                    **CENTRAL DISTRICT OF CALIFORNIA**

13

14
   GREGORY J. ANDREWS, an individual,   **Case No.** 8:22-cv-00117
15
                    Plaintiff,           (Orange County Superior Court
16                                       Case No. 30-2021-01236706-CU-OE-
              vs.                        NJC)
17
   U.S. BANK NATIONAL ASSOC., a          **DEFENDANTS U.S. BANK**
18 Delaware Corporation, U.S. BANCORP    **NATIONAL ASSOCIATION AND**
   Investments, Inc., a Delaware Corporation,  **U.S. BANCORP INVESTMENTS**
19 and DOES 1 through 10, Inclusive,     **INC.'S NOTICE OF REMOVAL**
                                         **OF CIVIL ACTION TO FEDERAL**
20                    Defendants.        **COURT**

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1    **TO PLAINTIFF AND HIS ATTORNEYS OF RECORD AND TO THE**
2    **CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL**
3    **DISTRICT OF CALIFORNIA:**

4           PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. § 1332, Defendants U.S.
5    Bank National Association and U.S. Bancorp Investments Inc. (collectively,
6    "Defendants") hereby remove the above-captioned matter from the Superior Court of
7    the State of California in and for the County of Orange, to this Court.  In support of
8    their request, Defendants state as follows:

9    **I.     INTRODUCTION**

10          1.     This case is hereby removed from state court to federal court pursuant to
11   28 U.S.C. § 1332 because (1) complete diversity of citizenship exists between the
12   parties, (2) the claims of Plaintiff Gregory J. Andrews ("Plaintiff") exceed $75,000
13   exclusive of interest and costs, and (3) this Court is in the judicial district and division
14   embracing the place where the state court action was initiated and is pending.
15   Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332(a).

16   **II.    VENUE**

17          2.     The action was filed in Superior Court for the State of California, County
18   of Orange.  Venue therefore properly lies in the United States District Court for the
19   Central District of California pursuant to 28 U.S.C. Sections 84(c), 1391(a), and
20   1441(a).

21   **III.   THE STATE COURT ACTION IN THIS CASE**

22          3.     On December 15, 2021, Plaintiff filed a Complaint in the Superior Court
23   of the State of California, for the County of Orange – North Justice Center, entitled
24   *Andrews v. U.S. Bank National Assoc., et al.*, Case No. 30-2021-01236706-CU-OE-
25   NJC.  The Complaint was served on Defendants on or about December 27, 2021.  A
26   true and correct copy of the Summons and Complaint is attached hereto as Exhibit
27   "A."

28          4.     The Complaint alleges claims for: (1) disability discrimination;

(2) failure to provide reasonable accommodations; (3) failure to engage in the interactive process; (4) wrongful termination in violation of public policy; (5) violation of California Business and Professions Code § 17200; and (6) violation of California Labor Code § 1198.5.

5.     On January 21, 2022, Defendant U.S. Bank National Association timely filed an Answer to Plaintiff's Complaint in state court, a copy of which is attached hereto as Exhibit "B."  On January 21, 2022, Defendant U.S. Bancorp Investments Inc. also timely filed an Answer to Plaintiff's Complaint in state court, a copy of which is attached hereto as Exhibit "C."

## IV.   JOINDER

6.     Defendants are not aware of any other defendant having been served with a copy of Plaintiff's Complaint.

## V.   BASIS FOR FEDERAL JURISDICTION UNDER 28 U.S.C. § 1332

7.     The Court has original jurisdiction over this action because it is an action between citizens of different states involving an amount in controversy that exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a); 28 U.S.C. § 1441(a).

### A.   Plaintiff is a Citizen of California.

8.     To establish citizenship for diversity purposes, a natural person must be both: (a) a citizen of the United States, and (b) a domiciliary of one particular state. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983).  "A person's domicile is [his] permanent home, where [he] resides with the intention to remain or to which [he] intends to return."  *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).  A party's residence may serve as *prima facie* evidence of that party's domicile.  *State Farm Mut. Auto. Ins. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994).  Here, Plaintiff alleges that has been a California resident at all times relevant to this action.  (Complaint ¶ 5.)  Plaintiff was employed by and performed his work for U.S. Bancorp Investments Inc. in the State of California for approximately 1 year and 5 months.  (Complaint ¶¶ 5, 24.)  Further, based on information that Plaintiff

1   submitted to Defendants throughout the course of his employment, Plaintiff

2   consistently listed a home address located in California as his current address, which

3   demonstrates his "intention to remain" in California and establishes domicile in

4   California. *See Wilson v. CitiMortgage*, No. 5:13-CV-02294-ODW SP, 2013 WL

5   6871822, at *2 (C.D. Cal. Dec. 17, 2013) (noting that other objective facts, including

6   plaintiff's place of employment, may further establish a plaintiff's citizenship for

7   purposes of removal).  Plaintiff is therefore a citizen, domiciliary, and resident of the

8   State of California.

9       **B.    Defendants are not Citizens of California.**

10      9.    Defendant U.S. Bank National Association was, at the time of the filing

11  of this action, and still is, a citizen of a state other than California.  U.S. Bank National

12  Association was and is a national banking association with its main office in

13  Cincinnati, Ohio.  Accordingly, U.S. Bank National Association was and is a citizen

14  of Ohio. *See* 28 U.S.C. § 1348 ("All national banking associations shall, for purposes

15  of all other actions by or against them, be deemed citizens of the States in which they

16  are respectively located"); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006)

17  (holding that a national bank, for purposes of 28 U.S.C. § 1348, "is a citizen of the

18  state in which its main office, as set forth in its articles of association, is located").

19      10.    Defendant U.S. Bancorp Investments Inc. was, at the time of the filing

20  of this action, and still is, a citizen of a state other than California.  As alleged, in part, in

21  Plaintiff's Complaint, Defendant U.S. Bancorp Investments Inc. is a citizen of the

22  states of Delaware and Minnesota.  (Complaint ¶ 7.)  A corporation is deemed to be a

23  citizen of the state in which it was incorporated and of the state where it has its

24  principal place of business.  28 U.S.C. § 1332(c).  Under the "nerve center" test, a

25  corporation's principal place of business is "the place where a corporation's officers

26  direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend, et

27  al.*, 599 U.S. 77, 80-81, 91-93 (2010).  U.S. Bancorp Investments Inc. was and is a

28  citizen of Delaware (its state of incorporation) and Minnesota (its headquarters). *See*

1  28 U.S.C. § 1332(c)(1) ("a corporation shall be deemed to be a citizen of every State
2  foreign state by which it has been incorporated and of the State or foreign state where
3  it has its principal place of business . . . .").

4       10.    It appears from the caption of the Complaint that only U.S. Bank
5  National Association and U.S. Bancorp Investments Inc. are defendants in this matter.
6  The caption also lists "DOES 1 through 10, Inclusive" as defendants.  There are no
7  "Doe Defendants" in federal district court.  For purposes of removal "the citizenship
8  of defendants sued under fictitious names *shall* be disregarded."  28 USC § 1441(b)(1)
9  (emphasis added).  Codefendants not served need not join in the removal for removal
10  to be proper.  *Destino v. Reiswig*, 630 F.3d 952, 955-57 (9th Cir. 2011).

11       11.    Complete diversity of citizenship thus exists in accordance with 28
12  U.S.C. § 1332(a)(1) because Plaintiff has been a California citizen at all relevant
13  times, Defendants U.S. Bank National Association and U.S. Bancorp Investments Inc.
14  have been a citizen of a state other than California at all relevant times, and no other
15  defendant is named.

16       **A.**    **The Amount in Controversy Exceeds $75,000**

17       12.    Plaintiff does not specifically allege an amount in damages in the
18  Complaint; nor does he allege that the amount in controversy is less than $75,000.
19  Where a complaint does not state a total amount in controversy, Defendants need only
20  show by a preponderance of the evidence that the amount in controversy requirement
21  has been met.  *Caus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992); *McNutt v.*
22  *Gen. Motors Acceptance Corp.*, 298 U.S. 178, 179 (1936).  As the Ninth Circuit has
23  explained, "[t]he amount in controversy is simply an estimate of the total amount in
24  dispute."  *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

25       13.    The Complaint seeks various forms of relief, including past and future
26  economic and non-economic damages, penalties to the greatest extent allowed by the
27  law, pre-judgment and post-judgment interest, costs of suit and attorney's fees,
28  injunctive relief, restitution and disgorgement, front pay in lieu of reinstatement,

declaratory relief, and punitive damages.  (*See* Complaint; Prayer for Relief.)  Where, as here, the complaint does not specify an amount of damages sought, the defendant may prove, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional requirement.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 403 (9th Cir. 1996).  A defendant can meet its burden by offering facts supporting that the amount in controversy exceeds the jurisdictional minimum or producing evidence of jury verdicts for damages awarded in cases with analogous facts.  *See Gaus v. Miles, Inc.,* 980 F.2d 564, 564 (9th Cir. 1992); *Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Vasquez v. Arvato Digital Servs.,* No. CV 11-02836, 2011 WL 2560261 at *3 (C.D. Cal. June 27, 2011); *Simmons v. PCR Tech.,* 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002).

14.    To determine the amount in dispute, the Court must consider the aggregate of general, special, and punitive damages in addition to attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) (the amount in controversy includes claims for general and special damages).

15.    **Lost Earnings – Alleged Commission Pay.**  Plaintiff seeks lost earnings and commissions and states that had he not been terminated, he reasonably expected to receive "**over $650,000 in commissions**, with additional lucrative deals (and sizeable commissions) in his personal deal pipeline."  (*See* Complaint ¶¶ 2, 51-53; Prayer for Relief [emphasis added].)  This amount of allegedly lost commissions alone exceeds the $75,000 jurisdictional minimum, excluding interests and costs.

16.    **Lost Earnings – Back Pay.**  Lost earnings, including back pay, may be considered when calculating the amount in controversy.  *See Lamke v. Sunstate Equip.*

*Co., LLC*, 319 F. Supp. 2d 1029, 1031, 1033 (N.D. Cal. 2004) (taking plaintiff's potential back pay into account for determining the amount in controversy).  In a discrimination case such as this one, if a plaintiff prevails back pay is awarded from the date of the retaliatory act through the date of final judgment.  *Lloyd v. Conseco Fin. Corp.*, No. CV 00-10452 MMM (RNBx), 2001 WL 36097624, at *7 (C.D. Cal. Oct. 19, 2001).  Plaintiff's Complaint alleges that his employment with Defendant U.S. Bank National Association was terminated on December 16, 2019.  (Complaint ¶ 49.)  When his employment with Defendant U.S. Bank National Association terminated, Plaintiff's annual salary was $175,000.  Using this annual salary to determine back pay from December 2019 to the date of removal, the amount in controversy for Plaintiff's potential back pay damages alone are approximately **$ 364,583.33.**[1]  Plaintiff's alleged lost income will continue to accrue until the date of judgment (if any).  (*See, e.g.,* Complaint ¶¶ 68, 73, 78, 83.)

17.     ***Therefore, Plaintiff's claimed lost earnings alone exceed the jurisdictional minimum of $75,000.***

18.     **Other Damages Claimed in Complaint**: Plaintiff also claims various other types of damages in his Complaint including, but not limited to: mental pain and suffering (Complaint ¶¶ 68, 73, 78, 83); punitive damages due to Defendants' alleged malice, oppression, and/or fraud (Complaint ¶¶ 69, 74, 79, 84; Prayer for Relief); attorneys' fees and costs (Prayer for Relief); and pre-judgment interest (Prayer for Relief).  These are all properly considered in the amount in controversy and demonstrate that Plaintiff is seeking damages in excess of the jurisdictional minimum. Accordingly, Plaintiff's claims for lost wages (including commissions), mental pain and suffering, punitive damages, and statutory attorneys' fees establish by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in 28 U.S.C. § 1332(a), even without

---

[1] This is calculated as: $ 175,000 salary divided by 12, then multiplied by 25 months (the length of time between Plaintiff's termination in December 2019 to the day of this removal).

taking into account a potential front pay award (for loss of future income) or other amounts claimed by Plaintiff.  (Complaint Prayer for Relief); *See Melendez v. HMS Host Family Restaurants, Inc.*, No. CV 11-3842 ODW (CWx), 2011 WL 3760058, at *3 (C.D. Cal. Aug. 25, 2011) (front pay is properly considered when determining the amount in controversy).

## VI.    COMPLIANCE WITH STATUTORY REQUIREMENTS

19.    Pursuant to 28 U.S.C. § 1446(a), Defendants attach hereto a true and correct copy of the Summons and Complaint as Exhibit "A."  A true and correct copy of Defendant U.S. Bank National Association's Answer to Plaintiff's Complaint is attached hereto as Exhibit "B."  A true and correct copy of Defendant U.S. Bancorp Investments Inc.'s Answer to Plaintiff's Complaint is attached hereto as Exhibit "C." A true and correct copy of the Civil Case Cover Sheet as Exhibit "D."  These are the only process, pleadings, or orders in the State Court's file that have been served on Defendants up to the date of filing this Notice of Removal.

20.    In accordance with 28 U.S.C. § 1446(b), this Notice is timely filed with this Court.  Pursuant to 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . ."  Defendants were served with Plaintiff's Complaint on December 27, 2021.  This Notice of Removal was filed 28 days later on January 24, 2022.   Accordingly, this Notice is timely.

21.    As required by 28 U.S.C. § 1446(d), Defendants will provide written notice of the filing of this Notice of Removal to Plaintiff's attorneys of record and will promptly file a copy of this Notice of Removal with the Clerk for the Superior Court of the State of California in and for the County of Orange.

22.    WHEREFORE, Defendants respectfully request that these proceedings, entitled *Andrews v. U.S. Bank National Association, et al.*, Case No. 30-2021-

1    01236706-CU-OE-NJC, currently pending in the Superior Court of the State of

2    California, for the County of Orange, be removed to this Court.

3

4

5    Dated:  January 24, 2022                WINSTON & STRAWN LLP

6

7                                            By:  */s/ Emilie C. Woodhead*
                                                  Joan B. Tucker Fife
8                                                 Emilie C. Woodhead
                                                  Attorneys for Defendants
9                                                 U.S. BANK NATIONAL ASSOCIATION and
                                                  U.S. BANCORP INVESTMENTS INC.
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT