NATHAN M. SMITH (SBN: 255212)
nate@bnsklaw.com
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, CA 90025
Tel: (310) 593-9890
Fax: (310) 593-9980

ANDREW M. PURDY (SBN: 261912)
amp@purdylegal.com
ANDREW M. PURDY, ATTORNEY AT LAW
15615 Alton Parkway, Suite 450
Irvine, CA 92618
Tel: (949) 570-5500
Fax: (949) 298-7234

LIAM O'BRIEN (*pro hac vice*)
lobrien@mcoblaw.com
MCCORMICK O'BRIEN LLP
9 East 40th Street, 4th Floor
New York, NY 10016
Tel: (212) 320-8972
Fax: (212) 504-9574

Attorneys for Plaintiff
GREGORY J. ANDREWS

JOAN B. TUCKER FIFE (SBN: 144572)
jfife@winston.com
RACHEL A. D. BUSCH (SBN: 327939)
rbusch@winston.com
WINSTON & STRAWN LLP
101 California Street, 35th Floor
San Francisco, CA 94111
Tel: (415) 591-1000
Fax: (415) 591-1400

EMILIE C. WOODHEAD (SBN: 240464)
ewoodhead@winston.com
WINSTON & STRAWN LLP
333 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
Tel: (213) 615-1700
Fax: (213) 615-1750

Attorneys for Defendants
U.S. BANK NATIONAL ASSOC. and
U.S. BANCORP INVESTMENTS INC.

1
2

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT – SOUTHERN DIVISION

3
4
5
6
7
8
9
10
11

| | |
|---|---|
| Gregory J. Andrews, an individual<br><br>Plaintiff,<br><br>vs.<br><br>US BANK NATIONAL ASSOCIATION, et. al<br><br>Defendants. | **Case No. 8:22-cv-00117-DOC-DFM**<br><br>**[DISCOVERY DOCUMENT REFERRED TO MAGISTRATE JUDGE DOUGLAS F. MCCORMICK]**<br><br>**ORDER ON STIPULATED PROTECTIVE ORDER CONCERNING DISCOVERY AND CONFIDENTIAL INFORMATION**<br><br>Complaint Filed: December 15, 2021 |

12   Subject to the approval of this Court, Plaintiff Gregory J. Andrews ("Plaintiff")

13   on the one hand, and Defendant U.S. Bank National Association and U.S. Bancorp

14   Investments, Inc. ("Defendants") on the other hand, by and through their respective

15   Counsel, hereby stipulate to the following protective order:

16   **1.    PURPOSES AND LIMITATIONS**

17   Disclosure and discovery activity in This Action will likely involve production

18   of confidential, proprietary, trade secret, or private information for which special

19   protection from public disclosure and from use for any purpose other than litigating

20   this matter would be warranted.  This includes confidential and sensitive information

21   of U.S. Bank's customers, clients, and prospects (including, for example, financial

22   information, the identities of companies contemplating selling their business and/or a

23   merger/acquisition, and strategic business information) as well as information that

24   Plaintiff contends constitute confidential and sensitive health information and

25   financial information held in confidence by Plaintiff.  Accordingly, the parties hereby

26   stipulate to and petition the court to enter the following Stipulated Protective Order.

27   The parties acknowledge that this Stipulated Protective Order does not confer blanket

28

1   protections on all disclosures or responses to discovery and that the protection it

2   affords extends only to the limited information or items that are entitled under the

3   applicable legal principles to treatment as confidential.  The parties further

4   acknowledge, as set forth in Section 12, below, that this Stipulated Protective Order

5   creates no entitlement to file confidential information under seal; Civil Local Rule 79-

6   5 sets forth the procedures that must be followed when a party seeks permission from

7   the court to file material under seal.  The parties further acknowledge that nothing in

8   this Stipulated Protective Order shall preclude either party from asserting that a

9   document is of such a confidential or private nature that it should not be produced or

10  that it should only be produced in redacted form, or from seeking a protective order to

11  preclude the production of certain documents.

12  **2.     GOOD CAUSE**

13       This Action is likely to involve personal, commercial, financial, technical

14  and/or proprietary information for which special protection from public disclosure and

15  from use for any purpose other than prosecution of This Action is warranted.  Such

16  confidential and proprietary materials and information consist of, among other things,

17  confidential person, business or financial information, information regarding

18  confidential business practices, or other confidential research, development, or

19  commercial information (including information implicating privacy rights of third

20  parties), information otherwise generally unavailable to the public, or which may be

21  privileged or otherwise protected from disclosure under state or federal statutes, court

22  rules, case decisions, or common law.  For example, given the nature of Plaintiff's

23  work, the documents at issue will likely contain: financial account numbers, other

24  financial information, the identities of U.S. Bank's customers/clients/prospects

25  (including those who were considering selling their business and/or a

26  merger/acquisition), and other sensitive business information.  Additionally, the

27  documents could also contain confidential, sensitive, and proprietary information of

28  Defendants.  Furthermore, documents at issue are likely to include information that

Plaintiff contends constitute sensitive and private health information.  Additionally, information that Plaintiff contends constitute private financial information regarding his past, current and future earnings may be at issue in this litigation. Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## 3.    DEFINITIONS

3.1.    <u>Party</u>: any Party to This Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel (and their support staff).

3.2.    <u>Non-Party</u>: any third party that produced or produces any material to a Party in connection with This Action, regardless of whether those materials are produced voluntarily or in response to a subpoena, or other formal or informal discovery process.

3.3.    <u>This Action</u>: means the above-captioned action pending in this Court, including any related discovery pretrial, post-trial or appellate proceedings.

3.4.    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, documents, electronic data, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

3.5.    <u>Confidential Information and Items</u>: information (regardless of how it is

generated, stored, or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

3.6.   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.7.   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in This Action.

3.8.   <u>Designating Party</u>: a Party or Non-Party that designates information as "CONFIDENTIAL."

3.9.   <u>Customer</u>: any individual or entity who utilized Defendants or U.S. Bank services and/or prospective customers and/or businesses or people considering using Defendants' services and is referenced in any way and/or format pursuant to this Proceeding including, but not limited to, in deposition testimony, documents produced by either Party, written discovery responses and/or briefing.

3.10.   <u>Privileged Material</u>: all items or information, or portions of items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter that are subject the attorney-client privilege and/or the attorney work product doctrine.

3.11.   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL." Any designation as confidential does not make inapplicable section 6 below.

3.12.   <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent or advise a Party in This Action (as well as their internal support staffs).

3.13.   <u>House Counsel</u>: attorneys who are employees of a Party (as well as their internal support staffs).

3.14.   <u>Counsel (without qualifier)</u>: Outside Counsel and House Counsel (as well

as their support staffs).

3.15.  Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in This Action.  This definition includes a professional jury or trial consultant retained in connection with This Action.

3.16.  Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

**4.   SCOPE**

The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), and Confidential Information and Items, but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material and Confidential Information and Items.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

**5.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in This Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of This Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## 6.   DESIGNATING PROTECTED MATERIAL

6.1.   <u>Exercise of Restraint and Care in Designating Material for Protection</u>: Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  Material may be designated as confidential by a Producing Party, a Receiving Party, or a Non-Party.  If the Producing Party does not assert confidentiality as to any material, the Producing Party is not required to designate it as confidential and, instead, the Receiving Party may do so.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.  If it comes to a Party's or a Non-Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or Non-Party must promptly notify all other Parties that it is withdrawing the designation.

6.2.   <u>Manner and Timing of Designations</u>: Except as otherwise provided in this Order (see, *e.g.*, the second paragraph of section 6.2(b) below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced (if the Designating Party is the Producing Party) or within a reasonable time after the material is disclosed or produced (if the Designating Party is not the Producing Party).  Designation in conformity with this Order requires:

(a)   If Customers of U.S. Bank are referenced in any and all material exchanged or created pursuant to this Proceeding (including but not limited to deposition testimony, written discovery, and documents produced), the Designating Party shall identify those Customers by either initials or some other shorthand, as

appropriate under the circumstances.  The Parties' counsel shall coordinate and endeavor to use the initials and shorthand designations consistently throughout to avoid any confusion amongst the Parties or the Court.  The Parties agree that they shall redact all but the initials/shorthand of Customers from any documents or transcripts before filing such materials in the public record.  A Designating Party shall identify by the last four digits only any Customer account number referenced in any and all material exchanged or created pursuant to this Proceeding, including but not limited to deposition testimony, written discovery, and documents produced.  The Parties agree that they shall redact all but the last four digits of any Customer account number from any documents or transcripts before filing such materials in the public record.

(b)  For information in documentary form (paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings): that the Designating Party affix the legend "CONFIDENTIAL" at the top, bottom or right margin of each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Designating Party should endeavor to identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  After the inspecting Party has identified the documents it wants copied and produced, the Designating Party must determine which documents, or portions thereof, qualify for protection under this Order; then, before producing the specified documents, the Designating Party must affix the "CONFIDENTIAL" legend at the top, bottom or right margin of each page that contains Protected Material and Confidential Information and Items.  If only a portion or portions of the material on a page qualifies for protection, the Designating Party also should endeavor to identify the protected portion(s) (*e.g.*, by

making appropriate markings in the margins).  Where large amounts of data are produced electronically on a CD-ROM or USB, it is sufficient to label the CD-ROM or USB itself "CONFIDENTIAL."

(c) <u>For testimony given in deposition or in other pretrial or trial proceedings</u>: that the Party or Non-Party designating the testimony, identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "CONFIDENTIAL." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or Non-Party designating the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to identify, by page and line, the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL") within 30 days of the court reporter's mailing of the transcript or within 30 days after entry of this Order, whichever is later. Only those portions that are appropriately designated for protection shall be covered by the provisions of this Order.

Transcript pages containing Protected Material and Confidential Information and Items must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," as instructed by the Party or Non-Party offering or sponsoring the witness or presenting the testimony.

(d) <u>For information produced in some form other than documentary, and for any other tangible items</u>: that the Designating Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only portions of the information or item warrant protection, the Designating Party, to the extent practicable, should identify the protected portions, specifying whether they qualify as "CONFIDENTIAL."

6.3.    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" does not,

standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order.

6.4.    <u>Past Designations</u>.  The Parties have a right to secure protection under this Order for qualified material that has been produced or generated in the course of This Action prior to the enactment of this Order within 30 days of the entry of this Order if the qualified material is appropriately designated as "CONFIDENTIAL."

**7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

7.1.    <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

7.2.    <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

7.3.    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

**8.    ACCESS TO AND USE OF PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS**

8.1.    <u>Basic Principles</u>.  A Receiving Party may use Protected Material and Confidential Information and Items that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or

attempting to settle this Action.  Such Protected Material and Confidential Information and Items may be disclosed only to the categories of persons and under the conditions described in this Stipulated Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material and Confidential Information and Items must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Stipulated Protective Order.

8.2.    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated CONFIDENTIAL only to:

8.2.1. the Receiving Party's Counsel of record in This Action, House Counsel and said Counsel's paralegals, as well as other employees of said Counsel to whom it is reasonably necessary to disclose the information for this litigation;

8.2.2. the officers, directors, and employees of the Receiving Party (other than those covered by subsection 8.2.1 above) to whom disclosure is reasonably necessary for this litigation;

8.2.3. Experts (as defined in this Stipulated Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

8.2.4. the Court and its personnel;

8.2.5. court reporters and their staffs,

8.2.6. professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A),

8.2.7. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, and

8.2.8. during their depositions, witnesses, and attorneys for witnesses, in the action to whom disclosure is reasonably necessary and who, if the disclosure is made other than on the records at a deposition or court hearing, have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material and Confidential Information and Items must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

8.2.9. any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this Action as "CONFIDENTIAL," the Receiving Party must:

(a) promptly notify the Designating Party, in writing (by email and U.S. Mail).  Such notification must include a copy of the subpoena or court order;

(b) promptly inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's

permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.   NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in This Action and designated as "CONFIDENTIAL."  Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in This Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party, if requested.

(c) If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality

agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**11.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material and Confidential Information and Items to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material and Confidential Information and Items, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**12.   FILING PROTECTED MATERIAL AND CONFIDENTIAL INFORMATION AND ITEMS**

A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

**13.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

14

may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

**14.    FINAL DISPOSITION**

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final disposition of This Action, each Receiving Party must return all Protected Material and Confidential Information and Items to the Producing Party, or ensure that such materials, information and/or items are deleted or destroyed.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, or any other form of reproducing or capturing any of the Protected Material and Confidential Information and Items. Upon request by the Producing Party after the conclusion of this Action, the Receiving Party must submit a written certification (via U.S. Mail, facsimile, or e-mail) to the Producing Party within ten (10) days of said request that confirms that all the Protected Material and Confidential Information and Items produced have been returned, deleted and/or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material and Confidential Information and Items. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, discovery, transcripts, legal memoranda, correspondence, or attorney work product, even if such materials contain Protected Material and Confidential Information and Items, to be used solely in the event of any dispute between Counsel and their clients. Any such archival copies that contain or constitute Protected Material and Confidential Information and Items remain subject to this Protective Order as set forth in section 5 (DURATION) above.

1  **15.     MISCELLANEOUS**

2         15.1.  <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

3  person to seek its modification by the Court in the future.

4         15.2.  <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this

5  Protective Order, no Party waives any right it otherwise would have to object to

6  disclosing or producing any information or item on any ground not addressed in this

7  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

8  ground to the use of any of the material covered by this Protective Order at trial, in

9  evidence or otherwise.

10 **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

11
   Dated:  May 23, 2022                    BROWN, NERI, SMITH & KHAN LLP
12

13
                                           By:   _/s/ Nathan M. Smith_____
14                                               Nathan M. Smith
                                                 Andrew M. Purdy
15                                               Attorney for Plaintiff,
                                                 GREGORY J. ANDREWS
16

17 Dated:  May 23, 2022                    WINSTON & STRAWN LLP

18

19                                         By:  _/s/ Emilie Woodhead_____
                                                 Joan B. Tucker Fife
20                                               Emilie C. Woodhead
                                                 Rachel A. D. Busch
21                                               Attorneys for Defendant
                                                 U.S. BANK NATIONAL
22                                               ASSOCIATION and U.S.
                                                 BANCORP INVESTMENTS,
23                                               INC.

24 **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

25

26 Dated: <u>May 23, 2022</u>           _____

27                                      HONORABLE DOUGLAS F. MCCORMICK
                                        United States Magistrate Judge
28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>EXHIBIT A</u>**

**<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>**

I, _____ [print or type full name], of

_____ [print or type full address],

declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the

Central District of California on _____ in the case of *Gregory Andrews  vs.*

*US Bank National Association, et. al.,* Case No. 8:22-cv-00117-DOC-DFM.  I agree

to comply with and to be bound by all the terms of this Stipulated Protective Order

and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will

not disclose in any manner any information or item that is subject to this Stipulated

Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of This Action.

I hereby appoint _____ [print or type full name] of

_____ [print or type full address and

telephone number] as my California agent for service of process in connection with

This Action or any proceedings related to enforcement of this Stipulated Protective

Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____