NATHAN M. SMITH, State Bar No. 255212
nate@bnsklaw.com
BROWN, NERI, SMITH & KHAN LLP
11601 Wilshire Boulevard, Suite 2080
Los Angeles, CA 90025
Tel: (310) 593-9890
Fax: (310) 593-9980

ANDREW M. PURDY, State Bar No. 261912
andrew@bnsklaw.com
BROWN, NERI, SMITH & KHAN LLP
1561 Alton Parkway, Suite 450
Irvine, CA 92618
Tel: (310) 593-9890
Fax: (310) 593-9980

Liam O'Brien (*Pro Hac Vice*)
lobrien@mcoblaw.com
MCCORMICK & O'BRIEN, LLP
9 East 40th Street, Fourth Floor
New York, NY 10016
Tel: (212) 320-8972
Fax: (212) 504-9574

Attorneys for Plaintiff Gregory J. Andrews

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GREGORY J. ANDREWS,<br><br>Plaintiff,<br><br>v.<br><br>U.S. BANK NATIONAL ASSOCIATION, et al.,<br><br>Defendants. | Case No. 8:22-cv-00117-DOC-DFM<br><br>**PLAINTIFF GREGORY J. ANDREWS'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Judge: David O. Carter<br>Action Filed: December 15, 2021<br>Trial Date: December 6, 2022<br>Final Pretrial Conference: November 14, 2022 |

**PLAINTIFF GREGORY ANDREWS'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**

Plaintiff submits his memorandum of contentions of fact and law as ordered by the Court's scheduling order and Local Rule 16.4.

## I. Plaintiff's Summary Statement of Claims, their Elements and Key Evidence in Support.

### A. Claim 1: Against all Defendants, Disability Discrimination in Violation of California Fair Employment and Housing Act ("FEHA").

#### 1. Elements of Claim 1.

a) Defendants employed Plaintiff.

b) Defendants knew that Plaintiff had a disability that limited his major life activities.

c) Plaintiff was able to perform the essential duties of his position either with or without reasonable accommodation/

d) Defendants discharged Plaintiff.

e) Plaintiff's disability was a substantial motivating reason for the decision to discharge him.

f) Plaintiff was harmed.

g) Defendants' conduct was a substantial factor in causing Plaintiff's harm.

Source: CACI 2540 (Disability Discrimination -- Disparate Treatment – Essential Factual Elements)

2. **Brief description of key evidence in support of Claim 1.**

FEHA protects qualified individuals with disabilities. FEHA divides disability into several categories. The definition of mental disability "includes any mental or psychological disorder or condition that limits a major life activity." Cal Code Regs. Tit. 2, § 11065(d)(1).[1] Physical disability is defined to include "any anatomical loss, cosmetic disfigurement, physiological disease, disorder or condition that" affects one or more body systems such as "neurological" and "musculoskeletal" and that limits a major life activity. Cal. Code Regs. tit. 2, § 11065(d)(2).

A condition "limits a major life activity if it makes the achievement of the major life activity difficult." Cal Govt. Code § 12926(m)(B)(ii). The California Code of Regulations clarifies that "major life activities" include, among other things, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, sitting, reaching, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, interacting with others, and working." Cal. Code Regs. tit. 2, § 11065.

[1] Without guidance from the California courts, this court should look to regulations issued by DFEH. DFEH's regulations governing FEHA are presumptively valid and binding under state law (provided that they are consistent with the statute and are not arbitrary or capricious). *See Tomlinson v. Qualcomm*, 97 Cal. App. 4th 934, 940, 118 Cal.Rptr.2d 822 (2002). Under state law, the regulations bind state courts as firmly as the statute itself. *American Nurses Assn. v. Toralkson*, 57 Cal. 4th 570, 588, 160 Cal.Rptr.3d 370, 304 P.3d 1038 (2013).

a. Mr. Andrews condition limits his sleeping.

FEHA and the ADA treat sleeping as considered a major life activity. *McAlindin v. Cty. of San Diego*, 192 F. 3d 1226, 1234 (9th Cir. 1999) (reversing summary judgment crediting Plaintiff's own declaration); *see also Reese v. Barton Healthcare Systems,* 693 F. Supp. 2d 1170, 1181 (E.D. Cal. 2020) (Plaintiff's declaration that she was unable to sleep more than 2-4 hours four to six days a week demonstrated a material fact dispute). Dr. Nair's report states that Mr. Andrews's disability causes him to wake from sleep every 45 minutes to an hour and significantly interferes with this life activity.

b. Mr. Andrews's conditions interferes with his ability to work if untreated.

Under FEHA, a condition is disabling if, left untreated, it limits a major life activity. Here, there is ample evidence, including Mr. Andrews conduct on October 30, 2019, demonstrating that Mr. Andrews tic and anxiety disorders, if left untreated, would limit his ability to work. For example, Mr. Andrews reported experiencing discomfort in shoulder, neck and wrists from work. At one point, Mr. Andrews injuries from his tics were so sever he was unable to type. Additionally, stress levels from his public presentations at work were exacerbating his tics and causing panic. Furthermore, Mr. Andrews testified without treating his condition with medication, doing his job "would have been impossible." Dr. Nair concurred that his disorder limit this activity. He reported consistently to his doctors.

c. Mr. Andrews Was Otherwise Qualified.

Under California law, a "qualified individual" is defined as "an applicant or employee who has the requisite skill . . . and who, **with or without reasonable accommodation**, can perform the essential functions of such position." Cal. Code Regs. Tit. 2 § 11065(o) (emphasis added).

Here, Defendants only argument about Mr. Andrews's qualifications is that that Mr. Andrews was not qualified because he could not handle stress. Defendant's cases are easily distinguishable. First, those cases involved garden variety stress at work, not the kind of direct attack Dr. Nair describes Mr. Dolan inflicting on Mr. Andrews. Second, the reaction to stress in those cases was much different. For example, in *Mayo v. PCC Structurals, Inc.*, 795 F.3d 941, 944 (9thCir. 2015) the Court stated that "while an employee can be qualified despite adverse reactions to stress, he is not qualified when that stress leads him to threaten to kill coworkers in chilling detail and on multiple occasions (here, at least five times)." Here, Mr. Andrews's reaction to the stress was not so severe as to invoke this principle.

Furthermore, Defendants' contention that Mr. Andrews was unqualified is based on conduct that happened when he was not taking his medications. There is no dispute that Mr. Andrews was qualified for the position when taking his medications. Mr. Andrews had never behaved like that before. There is no evidence the conduct would have happened had he been able to take his medication.

Finally, U.S. Bank's own conduct dismissing Mr. Andrews disproves the contention that he was unqualified. Mr. Dolan did not put Mr. Andrews on a

performance improvement plan when they met. Even after October 30 meeting, Mr. Dolan continued to ask Mr. Andrews to work, even in close proximity to Mr. Gulbis. Finally, U.S. Bank alleges that Mr. Andrews was not dismissed for non-performance or failing to get along with others, but instead for violation of the non-retaliation policy.

d. Mr. Andrews Was Subjected to an Adverse Employment Action because of his Disability.

A claim for discrimination under the FEHA turns on whether the employer treated some people less favorably than others because of their protected status. *Kelley v. Conco Companies*, 196 Cal. App. 4th 191, 203, 126 Cal. Rptr. 3d 651 (2011). The threshold issue is "whether there is direct evidence that the motive for the employer's conduct was related to the employee's physical or mental condition." *Glynn v. Superior Court*, 42 Cal. App. 5th 47, 53, 254 Cal. Rptr. 3d 772 (2019).

Evidence that a plaintiff was terminated because of conduct caused by his disability is sufficient to show that Plaintiff was subjected to an adverse employment action. *Navarro*, 2017 WL 901880 at *5 (citing *EEOC v. Walgreen Co.*, 34 F. Supp. 3d 1049, 1058-59 (N.D. Cal. 2014); *Humphrey v. Mem'l Hosps. Ass'n*, 239 F.3d 1128, 1139 (9th Cir. 2001)). Once an employer is aware of the disability, conduct resulting from the disability is considered to be part of the disability rather than a separate basis for termination. *Alejandro v. ST Micro Elecs. Inc.*, 129 F. Supp. 3d

898, 909 (N.D. Cal. 2015). Plaintiff is not required to show that animus about the disability motivated the termination, only that the termination was "because of" his disability. Id. "Because of," means a "substantial factor." Id. at *7.

A mistake, even if made in good faith, if "related to a disability" is direct evidence of discrimination. *Glynn*, 42 Cal. App. 5th at 54, (company's mistaken belief that employee was unable to work, even if in good faith, was direct evidence of disability discrimination). *See also Smith v. United Parcel Service, Inc.* (termination because employee was off payroll due to disability was direct evidence of discrimination "because of" disability).

An employer must be aware of the disability in order to take an adverse action "because of" the disability. Id. An employer may become aware of a disability either through direct communication, third party communication, or by observation. *Hollis v. Fed. Express Corp*., 2015 WL 3610714, *6 (Cal. Ct. App., June 10, 2015). Courts do not require formal notice or the use of magic language to bring the disabling condition to the employer's knowledge. *Maharaj v. California Bank & Tr*., 909 F. Supp. 2d 1198, 1205 (E.D. Cal. 2012) (finding that references to arthritis and serious, prolonged hospitalizations were sufficient to put defendant on notice of a disability prior to termination). "Some symptoms are so obviously manifestations of an underlying disability that it would be reasonable to infer an employer actually knew of the *ability*." *Hedburg v. Indian Bell Telephone Co, Inc*., 47 F. 3d 928, 932 (7th Cir. 1995). Deliberate ignorance of a disability does not insulate the employer

from liability. *Id.* Finally, a supervisor's knowledge should be imputed to the employer. *Cal. Fair Emp't & Housing Comm'n v.Gemini Aluminum Corp.*, 122 Cal. App 4th 1004, 1015 (2004).

An employer that becomes aware during disciplinary proceedings that a disability caused the conduct that triggered disciplinary proceedings discriminates because of the disability if it proceeds to discipline the employee without considering the disability. *McClure v. Nat'l R.R. Passenger Corp.*, 2021 WL 43595812, *6-7 (C.D. Cal., June 10, 2021). In *McClure*, the plaintiff notified his employer of his disability after he was accused of a violation and during disciplinary proceedings. The employer asserted it could terminate plaintiff without considering his disability because it was unaware of the disability when it started disciplinary proceedings. The court disagreed, reasoning that "disciplinary proceedings did not necessarily have to culminate in Plaintiff's termination, and there is no dispute that [employer] was aware of Plaintiff's disability when it terminated Plaintiff." *Id.* Thus, "a reasonable jury could find that [the] decision to terminate Plaintiff was 'because of' his disability. *Id.* Evidence that the company knew of the disability before the disciplinary action had concluded was sufficient to find that a termination was "because of" the disability. *McClure*, * 7 ("In addition, disciplinary proceedings did not necessarily have to culminate in Plaintiff's termination.").

Here, according to Dr. Nair, the conduct for which Mr. Andrews was terminated was caused by his disability. Mr. Andrews made multiple efforts to alert

U.S Bank to this connection, as did others. U.S. Bank turned a blind eye to this explanation and proceeded to terminate Mr. Andrews "because of" his disability.

e. Defendant's Excuse for Terminating Mr. Andrews is rebutted by Direct Evidence of Discrimination and Evidence that the Investigation was Pretextual.

U.S. Bank's excuse for terminating Mr. Andrews may be rebutted at summary judgment with "evidence that the employer's stated reason is either false or pretextual, or evidence that the employer acted with discriminatory animus, or evidence of each which would permit a reasonable trier of fact to conclude the employer intentionally discriminated." *Sandell v. Taylor-Listug, Inc.*, 188 Cal. App. 4th 297, 314, 115 Cal. Rptr. 3d 453 (2010) (citations omitted). In addition to direct evidence, Mr. Andrews evidence of pretext is sufficient for the jury to conclude that U.S. Banks' excuses are unworthy of credence. *Id.*

If there is direct evidence of discrimination from which a jury could find for Mr. Andrews, the Court need not evaluate whether U.S. Bank's excuse was pretextual. *Sandell*, 188 Cal. App. 4th at 314. Here, the termination "because of" Mr. Andrews's alleged violation of the non-retaliation policy is disability discrimination because the conduct must be considered part of the disability. *Humphrey*, 1139-40. If a reasonable juror can find a causal link between the Plaintiff's disability and the conduct for which they were terminated, the termination is "because of" disability.

*Humphrey v. Memorial Hospitals Ass'n*, 239 F. 3d 1128, 1139-40; *McClure*, 2021 WL 43595812 at *9. Furthermore, under FEHA, the test is whether the discrimination was a substantial motivating factor in the decision, not the sole reason. *Lambert*, 2015 WL 1967044, * 9.

f. U.S. Bank's Excuse for Terminating Mr. Andrews is Unworthy of Credence.

Persuasive evidence that U.S. Bank's excuse for terminating Mr. Andrews was false is sufficient to show pretext. *Reeves v. Sanderson Plumbing Prods, Inc.*, 530 U.S. 133, 147 (2000); *Mauran v. Wal-Mart Stores, Inc.*, 2017 WL 11636674 *6 (C.D. Cal. September 22, 2017). Additionally, an inadequate investigation is evidence of pretext. *King v. United Parcel Service, Inc.*, 152 Cal. App. 4th 426, * 438 (2007) (noting that neutral investigators are a hallmark of an adequate investigation; *Nazir v. United Airlines, Inc.*, 178 Cal. App. 4th 243, 279 (2009) (reversing summary judgment where inadequate investigation created fact issue regarding pretext); *Mendoza v. Western Medical Center Santa Ana*, 222 Cal. App. 4th 1334, 1344-45 (2014) (finding evidence of a flawed investigation was evidence of pretext). Evidence of investigator bias or influence is sufficient to support a finding of pretext. *Reeves v. Safeway Stores, Inc.*, 121 Cal. App. 4th 95, 121 (2004) (A jury "could conclude than an incident of minor and excusable disregard . . . was amplified into a 'solid case' of 'workplace violence,' and that this metamorphosis was brought about … by a supervisor's desire to rid himself of a worker.").

First, the investigation ignored evidence that disability caused the conduct. Second, the investigator was not properly trained, not neutral, ignored evidence and engaged in multiple practices that were suspect if not downright unwarranted. Willful ignorance and predetermined outcome from a biased investigation show conclusively that a jury could find this investigation and the outcome that resulted to be unworthy of credence.

### B. Claim 2: Against all Defendants, Failure to Provide Accommodations in Violation of FEHA.

#### 1. Elements of Claim2 – Failure to provide accommodations.

1. Defendants employed Plaintiff.
2. That Defendant knew of Plaintiff's disability.
3. That Plaintiff was able to perform the essential duties of his current position with reasonable accommodations for his disability.
4. That Defendant failed to provide reasonable accommodation.
5. That the failure to provide reasonable accommodation was a substantial factor in causing Plaintiff's harm.

Source: CACI 2541 – Disability Discrimination – Reasonable Accommodation – Essential Factual Elements.

#### 2. Brief description of key evidence in support of Claim 2.

a. Plaintiff does not have to show, as defendant contends, a causal connection between the failure to accommodate and his disability, because "the employer's failure to reasonably accommodate a disabled individual is a violation of the statute in and of itself." *Jensen v. Wells Fargo Bank,* 85 Cal.App.4th 245, 256, 102 Cal.Rptr.2d 55 (2000 An employer cannot prevail on summary judgment unless it establishes that a reasonable accommodation was offered and refused. *Id.*

b. Here, the evidence that U.S. Bank was on notice of a disability is overwhelming. U.S. Bank was required to initiate the interactive process and discuss accommodations with Mr. Andrews *even while* it conducted its investigation. The failure to do so is a question for the jury.

**C. Claim 3: Against all Defendants, Failure to Engage in the Interactive Process in Violation of FEHA.**

1. **Elements of Claim 3.**

a) Defendants employed Plaintiff.

b) Plaintiff had a disability that was known to Defendants.

c) Plaintiff requested that Defendant make reasonable accommodation for his disability so that he would be able to perform the essential job requirements.

d) Plaintiff was willing to participate in an interactive process to determine whether reasonable accommodation could be made so that he could perform the essential job requirements.

e) Defendants failed to participate in a timely good-faith interactive process with Plaintiff to determine whether an accommodation could be made.

f) Plaintiff was harmed.

g) Defendants' failure to engage in a good-faith interactive process was a substantial factor in cause Plaintiff's harm.

Source: CACI 2564 Disability Discrimination – Failure to Engage in the Interactive Process.

2. **Brief description of key evidence in support of Claim 3.**

a. Plaintiff does not have to show, as defendant contends, a causal connection between the failure to accommodate and his disability, because "the employer's failure to reasonably accommodate a disabled individual is a violation of the statute in and of itself." *Jensen v. Wells Fargo Bank,* 85 Cal.App.4th 245, 256, 102 Cal.Rptr.2d 55 (2000

An employer cannot prevail on summary judgment unless it establishes that a reasonable accommodation was offered and refused. *Id.*

b. Here, the evidence that U.S. Bank was on notice of a disability is overwhelming. U.S. Bank was required to initiate the interactive process and discuss accommodations with Mr. Andrews *even while* it conducted its investigation. The failure to do so is a question for the jury.

**D. Claim 4: Against all Defendants, Wrongful Termination in Violation of Public Policy.**

**1. Elements of Claim 4.**

2. Plaintiff was employed by Defendants.
3. Plaintiff was discharged by Defendants.
4. Plaintiff's disability was a substantial motivating reason for the discharge.
5. Plaintiff was harmed.
6. The discharge was a substantial factor in causing Plaintiff's harm.

Source: CACI 2430 Wrongful Discharge in Violation of Public Policy – Essential Factual Elements.

2. **Brief description of key evidence in support of Claim 4. See description of evidence in Claim 1.**

**E. Claim 5: Against all Defendants, Violation of California's Business and Professions Code section 17200.**

**1. Elements of Claim 5.**

2. Section 17200 broadly prohibits any "unlawful, unfair or fraudulent business act or practice."

3. Violations of FEHA constitute unlawful competition under section 17200. *Montano v. Bonnie Brae Convalescent Hosp. Inc.*, 79 F.Supp.3d 1120, 1132.

4. Defendants violated FEHA (claims 1-3).

5. The Court has broad latitude to fashion equitable relief to remedy violations of section 17200. *Id.* at 1134.

**3. Brief description of key evidence in support of Claim 5.**

4. **See description of evidence in Claim 1.**

**F. Claim 6: Against all Defendants, Violation of California's Labor Code Section 1198.5.**

1. **Elements of Claim 6.**

a. Upon receiving a written request for records from a current or former employee or representative, an employer must "make the contents of those personnel records available" or provide a copy within 30 days. Labor Code. § 1198.5

b. If the employer does not comply, the employee is entitled to a $750 penalty. *Id.*

2. **Brief description of key evidence in support of Claim 6.**

Defendants failed to provide Plaintiff with numerous signed documents from his employment records, including documents that contradicted Defendants assertion that USBI was not Plaintiff's employer.

**G. <u>Plaintiff's summary statement of Defendants' Affirmative Defenses, their Elements, and Key Evidence in Opposition</u>.**

a. **Affirmative Defense 1: Failure to State Facts Sufficient to State a Cause of Action.**

i. **Elements of Affirmative Defense 1.**

1. This is not a recognized affirmative defense. *Vasquez v. Leprino Foods Co.*, Case No. 1:17-cv-00796-AWI-BAM (E.D. Cal. May 1, 2021) 2021 WL 1737480,*4 (E.D. Cal. May 1, 2021) (citing cases).

ii. **Brief description of key evidence in opposition to Affirmative Defense 1.**

1. Plaintiff discusses the facts sufficient to state each cause of action *supra.*

b. **Affirmative Defense 2: Statute of Limitations.**

i. **Elements of Affirmative Defense 2.**

1. Plaintiff filed to file its lawsuit within the time period provided by the governing statutes.

ii. **Brief description of key evidence in opposition to Affirmative Defense 2.**

1. Plaintiff filed his claims the day he received his right to sue from the DFEH. He was terminated on December 16, 2019, and filed his lawsuit on December 15, 2021. Therefore, Plaintiff's claims are timely.

c. **Affirmative Defense 3: Avoidable Consequences.**

i. **Elements of Affirmative Defense 3.**

1. This affirmative defense is only recognized in the context of sexual assault or sexual harassment. *Garcia v. Mickey Fine Enterprises, Inc.*, EDCV 21-1056, 2022 WL 2168886, * 6 (striking the defense in an ADA case) (E.D. Cal. January 7, 2022).

ii. **Brief description of key evidence in opposition to Affirmative Defense 3.**

1. This affirmative defense is only recognized in the context of sexual assault or sexual harassment. *Garcia v. Mickey Fine Enterprises, Inc.*, EDCV 21-1056, 2022 WL

2168886, * 6 (striking the defense in an ADA case) (E.D. Cal. January 7, 2022).

d. **Affirmative Defense 4: Legitimate Non-Retaliatory/Non-Discriminatory Reasons.**

i. **Elements of Affirmative Defense 4.**

1. In addition to discrimination, Defendants' stated reason for discharge was also a substantial motivating reason for discharging Plaintiff.
2. Defendants would have discharged Plaintiff anyway at the time based on Defendants' stated reasons even if Defendants had not been substantially motivated by disability discrimination.
3. If so, Plaintiff is not entitled to reinstatement, back pay, or damages.

Source: CACI No. 2512 – Limitation on Remedies – Same Decision.

ii. **Brief description of key evidence in opposition to Affirmative Defense 4.**

1. In addition to the discussion of Plaintiff's first claim for disability discrimination, Plaintiff will prove that the conduct for which he was terminated would not have occurred but for his disability. As a result, Defendants

could not have reached the decision to terminate Plaintiff absent discrimination because of his disability.

e. **Affirmative Defense 5: Failure to Mitigate Damages.**

i. **Elements of Affirmative Defense 5.**

1. That employment substantially similar to Mr. Andrews's former job was available to him. In deciding whether employment was substantially similar, a jury may consider, among other factors, whether:
    a. The nature of work was different from Mr. Andrews's employment;
    b. The new position was substantially inferior to Mr. Andrews's former position;
    c. The salary, benefits and hours of the job were similar to Mr. Andrews's former position;
    d. The new position required similar skills, background, and experience;
    e. The job responsibilities were similar;
    f. The job was in the same locality;
    g. Other relevant factors.
2. That Mr. Andrews failed to make reasonable efforts to seek and retain this employment; and

3. The amount Mr. Andrews could have earned from this employment.

4. Whether Mr. Andrews quit or was discharged from comparable employment for a reason within his control.

SOURCE: CACI No. 3963.

ii. **Brief description of key evidence in opposition to Affirmative Defense 5.**

1. Mr. Andrews will show he made a reasonable good faith efforts to obtain comparable employment after his termination from Defendants. Mr. Andrews was unable to fully mitigate his damages, but did mitigate some damages. His efforts to mitigate his damages are more than legally sufficient to permit him to recover damages.

f. **Affirmative Defense 6: Legitimate Business Reason/Necessity.**

i. **Elements of Affirmative Defense 6.**

1. That the purpose of the employment practice is to operate the business safely and efficiently, and

2. The that the challenged employment practice substantially accomplishes this business purpose.

Source: CACI No. 2503. Affirmative Defense – Business Necessity/Job Relatedness

ii. **Brief description of key evidence in opposition to Affirmative Defense 6.**

1. This affirmative defense is available on disparate impact claims but not claims of intentional discrimination, such as this one. *See* CACI No. 2503 Directions for Use; *e.g.* 42 U.S.C. § 2000e-2(k)(2). Here, Defendant has not identified any policy it attempts to defend in this disparate treatment case.

g. **Affirmative Defense 7: After-Acquired Evidence.**

i. **Elements of Affirmative Defense – After Acquired Evidence.**

1. **Plaintiff engaged in misconduct.**
2. **Plaintiff's misconduct was sufficiently severe that he would have been discharged for that misconduct alone had Defendants' known of it.**
3. **Defendants would have discharged Plaintiff for misconduct as a matter of settled company policy.**

Source: CACI 2506. Limitation on Remedies – After-Acquired Evidence

ii. **Brief description of key evidence in opposition to Affirmative Defense 7.**

1. Defendants have identified no after acquired evidence that would have caused them to terminate Mr. Andrews. To

the contrary, despite an exhaustive investigation at the time and an unrelated, baseless, fraud allegation against Mr. Andrews, U.S. Bank has never identified any misconduct by Mr. Andrews.

h. **Affirmative Defense No. 8 Good Faith Reliance on the Law: .**

i. **Elements of Affirmative Defense 8.**

1. This is not a recognized affirmative defense to Plaintiff's claims. *Vasquez v. Leprino Foods Co.*, Case No. 1:17-cv-00796-AWI-BAM (E.D. Cal. May 1, 2021) 2021 WL 1737480,*7 (E.D. Cal. May 1, 2021) (citing cases).

ii. **Brief description of key evidence in opposition to Affirmative Defense 8.**

1. The facts establishing Defendants' liability are discussed *supra.*

i. **Affirmative Defense No. 9 Workers' Compensation Preemption.**

i. **Elements of Affirmative Defense 9.**

1. Plaintiff's claims for damages are preempted by workers compensation laws, which provide a remedy for work-related injury. *See, e.g.* Cal. Labor Code § 3200, *et seq.*

ii. **Brief description of key evidence in opposition to Affirmative Defense 9.**

1. This Court noted that it is settled law that "claims involving disability discrimination based on work-related injuries are not preempted by …the California Workers Compensation Act." *Brown v. Lowe's Home Centers, LLC*, 2016 WL 7638045 at *3 (C.D. Cal. 2016) (J. Carter) (citing cases).

j. **Affirmative Defense 10 Waiver.**

i. **Elements of Affirmative Defense 10.**

1. "Waiver refers to the act, or the consequences of the act, of one side. Waiver is the intentional relinquishment of a known right after full knowledge of the facts and depends upon the intention of one party only." *Bickel v. City of Piedmont*, 16 Ca. 4th 1040, 1051 (1997).

ii. **Brief description of key evidence in opposition to Affirmative Defense 10.**

1. This affirmative defense does not apply. Mr. Andrews has never intentionally relinquished any known right so as to have waived his right to relief on any of his claims.

k. **Affirmative Defense 11 Estoppel.**

i. **Elements of Affirmative Defense 11.**

1. "Estoppel is applicable where the conduct of one side has induced the other to take such a position that it would be injured if the first should be permitted to repudiate its acts." *DRG/Beverly Hills, Ltd. v. Chopstix Dim sum Café & Takeout III, Ltd.*, 30 Cal. App. 4th 54, 59 (1994).

ii. **Brief description of key evidence in opposition to Affirmative Defense 11.**

1. There are no facts to support this affirmative defense. Mr. Andrews had not sought to repudiate any acts, nor have Defendants relied on any representation by Mr. Andrews to take a position that injured them.

l. **Affirmative Defense No. 12 Laches.**

i. **Elements of Affirmative Defense 12.**

1. "To establish laches, a defendant must prove both an unreasonable delay by the plaintiff and prejudice to itself." *Couveu v. American Airlines, Inc.*, 218 F.3d 1078, 1083.

ii. **Brief description of key evidence in opposition to Affirmative Defense 12.**

1. Plaintiff timely filed his administrative complaint and his claims in Court on the same day. Plaintiff first attempted to arbitrate this matter before FINRA, but Defendants

declined to consent. Plaintiff acted diligently to assert his rights. Furthermore, there is no prejudice suffered by Defendants as a result of Plaintiff's timely filing of this complaint.

m. **Affirmative Defense No. 13 Unclean Hands.**

i. **Elements of Affirmative Defense 13.**

1. "The equitable doctrine of unclean hands applies when a plaintiff has acted unconscionably, in bad faith, or inequitably in the matter in which the plaintiff seeks relief." *Canupp v. Children's Receiving Home of Sacramento*, 181 F. Supp. 3d 767 (E.D. Cal. 2016).

ii. **Brief description of key evidence in opposition to Affirmative Defense 13.**

1. Mr. Andrews acted in good faith at all times in the matter.

n. **Affirmative Defense 14: Not Knowing, Willful, or Intentional.**

i. **Elements of Affirmative Defense 14.**

1. This is not a recognized affirmative defense to Plaintiff's claims. *Vasquez v. Leprino Foods Co.*, Case No. 1:17-cv-00796-AWI-BAM (E.D. Cal. May 1, 2021) 2021 WL 1737480,*7 (E.D. Cal. May 1, 2021) (citing cases).

ii. **Brief description of key evidence in opposition to Affirmative Defense 14.**

1. The evidence will show that Defendants knew or should have known of Plaintiff's disability and its relation to the conduct that was used to justify his termination. As such, Defendants acted with knowledge, willfully and intentionally to discriminate against Plaintiff because of his disability.

o. **Affirmative Defense: Same Decision Absent Unlawful Motive.**

i. **Elements of Affirmative Defense 15.**

1. In addition to discrimination, Defendants' stated reason for discharge was also a substantial motivating reason for discharging Plaintiff.
2. Defendants would have discharged Plaintiff anyway at the time based on Defendants' stated reasons even if Defendants had not been substantially motivated by disability discrimination.
3. If so, Plaintiff is not entitled to reinstatement, back pay, or damages.

Source: CACI No. 2512 – Limitation on Remedies – Same Decision.

ii. **Brief description of key evidence in opposition to Affirmative Defense 15.**

1. In addition to the discussion of Plaintiff's first claim for disability discrimination, Plaintiff will prove that the conduct for which he was terminated would not have occurred but for his disability. As a result, Defendants could not have reached the decision to terminate Plaintiff absent discrimination because of his disability.

p. **Affirmative Defense 16: Failure to Follow Company Policy.**

i. **Elements of Affirmative Defense 16.**

1. This is not a recognized affirmative defense.

ii. **Brief description of key evidence in opposition to Affirmative Defense 16.**

1. The evidence in support of liability against both Defendants is discussed above.

q. **Affirmative Defense 17: Unauthorized Conduct.**

i. **Elements of Affirmative Defense 17.**

1. This is not a recognized affirmative defense.

ii. **Brief description of key evidence in opposition to Affirmative Defense 17.**

1. The evidence in support of liability against both Defendants is discussed above.

r. **Affirmative Defense 18: No Unfair Business Practices.**

i. **Elements of Affirmative Defense 18.**

1. This is not a recognized affirmative defense.

ii. **Brief description of key evidence in opposition to Affirmative Defense 18.**

1. The evidence in support of liability against both Defendants is discussed above.

s. **Affirmative Defense 19: Any Alleged Harm to Plaintiff Outweighed.**

i. **Elements of Affirmative Defense 19.**

1. This is not a recognized affirmative defense.

ii. **Brief description of key evidence in opposition to Affirmative Defense 19.**

1. The evidence in support of damages against both Defendants is discussed above

t. **Affirmative Defense 20: No Underlying Liability.**

i. **Elements of Affirmative Defense 20.**

1. This is not a recognized affirmative defense.

ii. **Brief description of key evidence in opposition to Affirmative Defense 20.**

1. The evidence in support of liability against both Defendants is discussed above.

u. **Affirmative Defense 21: Adequate Remedy at Law.**

i. **Elements of Affirmative Defense 21.**

1. This is not a recognized affirmative defense, but rather a statement that negates an element of a Section 17200 claim – that there be an inadequate remedy at law.

ii. **Brief description of key evidence in opposition to Affirmative Defense 21.**

1. Plaintiff's evidence in support of the Section 17200 claim is discussed above.

v. **Affirmative Defense 22: Offset/Recoupment.**

i. **Elements of Affirmative Defense 22.**

1. Defendant is entitled to an offset from damages for amounts paid to compensate Plaintiff for his unemployment and injuries.

ii. **Brief description of key evidence in opposition to Affirmative Defense 22.**

1. As a matter of law, workers compensation benefits and unemployment benefits are not considered to offset damages to be paid to Plaintiff. *Curtis v. State of California ex rel. Dept. of Transportation*, 128 Cal. App. 3d 668, 682 (1982 (workers compensation); *McKinney v. California Portland Cement Co.*, 96 Cal. App. 4th 1214 (2002) (unemployment).

w. **Affirmative Defense 23: Causation/Contribution.**

i. **Elements of Affirmative Defense 23.**

1. Causation/contribution is not an affirmative defense to any of Plaintiff's causes of action.

ii. **Brief description of key evidence in opposition to Affirmative Defense 23.**

1. Plaintiff is unaware of any evidence in support of the theory of causation/contribution.

x. **Affirmative Defense 24: Failure to Exhaust Administrative Remedies.**

i. **Elements of Affirmative Defense 24.**

1. Plaintiff must file a complaint with the DFEH within three years of the date on which the unlawful practice occurred.

2. Absent an equitable exception, failure to file a complaint with the DFEH within three years of the date on which the practice occurred bars Plaintiff's claims.

Source: CACI 2508 – Failure to File Timely Administrative Complaint

ii. **Brief description of key evidence in opposition to Affirmative Defense 24.**

1. Plaintiff was terminated by telephone call on December 16, 2019. Plaintiff filed his compliant with the DFEH on December 15, 2021, and received his Right to Sue notice that same day.

y. **Affirmative Defense 25: Res Judicata and Collateral Estoppel.**

i. **Elements of Affirmative Defense 25.**

1. "The doctrine of res judicata precludes parties or their privies from relitigating a cause of action that has been finally determined by a court of competent jurisdiction." *Thidbodeau v. Crum*, 4 Cal.App. 749, 754 (1992).

ii. **Brief description of key evidence in opposition to Affirmative Defense 25.**

1. This affirmative defense does not apply because there has been no prior litigation of any issues between these parties.

z. **Affirmative Defense 26: National Banking Act Preemption.**

i. **Elements of Affirmative Defense 26.**

1. This is not a recognized affirmative defense.

ii. **Brief description of key evidence in opposition to Affirmative Defense No. 26.**

1. Plaintiff is unaware of any preemption that would apply here. In any event, joint employer U.S. Bancorp Investments, Inc., is not a National Association. Claims against it would not be preempted.

aa. **Affirmative Defense27: Misjoinder of Parties.**

i. **Elements of Affirmative Defense 27.**

1. This is not a recognized affirmative defense.

ii. **Brief description of key evidence in opposition to Affirmative Defense 27.**

1. Defendant U.S. Bank, N.A. acknowledges that it was Mr. Andrews's employer at all material times and is therefore a proper Defendant.

2. Defendant USBI. has denied an employer-employee relationship although U.S. Bank has produced, at the last minute, a series of documents signed by Mr. Andrews and representatives of U.S. Bank and U.S.B.I. acknowledging that he is a "dual employee"

of USBI. The evidence is substantial that USBI is an employer and therefore a proper Defendant in this action.

bb. **Affirmative Defense 28: Other Affirmative Defenses.**

Defendants have not identified any other affirmative defenses they intend to assert and should be barred from adding any additional affirmative defenses as the deadline to amend the pleadings has long passed.

**H. Anticipated Evidentiary Issues and Plaintiff's Position.**

a. Plaintiff anticipates filing a motion in limine to exclude Defendants anticipated expert testimony on employment availability and Mr. Andrews's efforts to mitigate his damages as irrelevant and unfairly prejudicial. The evidence suggests that Mr. Andrews is required to do far more than the law requires in order to show that he has adequately attempted mitigated his damages.

b. Plaintiff anticipates filing a motion in limine to exclude anticipated expert testimony regarding purported "inconsistencies" in Plaintiff's reporting of the events in this lawsuit. The experts' testimony on these issues is little more than vouching and is not assisted by his expertise or evaluation of the Plaintiff.

c. Plaintiff anticipates filing a motion in limine to exclude evidence regarding unrelated accusations against Mr. Andrews. One witness alleged, without any detail, that Mr. Andrews was considered "sexist"

by someone. This allegation is unrelated to any issue in the lawsuit and hearsay within hearsay. It is also prejudicial and invites the jury to decide on an improper basis.

d. Plaintiff anticipates filing a motion to exclude witnesses disclosed for the first time the week before the close of discovery. Defendants, in addition to producing important documents in the final weeks of discovery, also served an amended initial disclosure within 10 days of the close of discovery. That disclosure identified more than a handful of new U.S. Bank employee witnesses. Those witnesses, and their knowledge of the case, were obviously known to Defendants' well in advance of the close of discovery. Their late disclosure made it impossible to reasonably prepare to take their depositions given the existing discovery schedule. As such, Defendants' failure to timely and adequately supplement their disclosures has prejudiced Mr. Andrews, and the witnesses should be excluded.

e. Plaintiff anticipates filing a motion in limine to exclude any evidence or reference to any licensing complaints related to Mr. Andrews. Such licensing complaints are unrelated to any issue in this case. They are also misleading because they suggest that Mr. Andrews did something wrong, even though he was exonerated of these complaints. They should be excluded.

f. Plaintiff also seeks to exclude evidence of Plaintiff's medical care and medical conditions that are unrelated to this matter. Defendants' have introduced as exhibits the entirely of Plaintiff's medical records, many of which have nothing to do with this case. Those records should not be presented to the jury as they can only confuse the jury at the expense of Mr. Andrews's privacy.

**I. Anticipated Issues of Law and Plaintiff's Position.**

a. Plaintiff anticipates the most significant issues of law will be resolved at summary judgment and does not anticipate novel or difficult legal questions to arise.

**J. Plaintiff does not request that the Court bifurcate the trial of any issues.**

**K. Demand for Jury Trial.**

Plaintiff properly filed a demand for jury trial with his Complaint. Defendants did not contest that this demand was proper in the parties Rule 26(f) report. [Doc. 15 at 8:1-5].

Liability on Plaintiff's FEHA and common law employment tort claims should be determined by the jury. Plaintiffs' seeking money damages in civil actions under FEHA have a right to jury trial. *Camrago v. California Portland Cement Co.* (2001) 86 Cal.4th 994, 1018). Common law employment torts are jury triable. *Asare v. Harford Fire Ins. Co.* (1991) 1 Cal.4th 856, 866.

Economic and non-economic damages for violations of Plaintiff's FEHA and common law employment claims should be determined by the jury, including punitive damages. Backpay and front pay under FEHA should be determined by a jury. *Cloud v. Casey* (1999) 76 Cal. 4th 895, 909).

**L. Plaintiff's Demand for Attorneys' Fees.**

Plaintiff demanded attorneys' fees and costs and is entitled to such on his FEHA claims. Cal. Govt. Code 12989.2. Plaintiff is also entitled to fees and costs for his claim under Section 1198.5. See Zaman v. Kelly Services, 2017 WL 2335601 (ND Cal. May 30, 2017).

**M. Abandonment of issues.**

None identified.

Dated: October 24, 2022

BROWN, NERI, SMITH & KHAN, LLP

/s/ *Nathan M. Smith*

Nathan M. Smith

**CERTIFICATE OF SERVICE**

I hereby declare under penalty of perjury as follows: I am an attorney at the law firm of Brown, Neri, Smith & Khan, LLP, with offices at 11601 Wilshire Blvd., Suite 2080, Los Angeles, California 90025.

On October 24, 2022, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which sent notification of such filing to any counsel of record or unrepresented parties.

Executed in Los Angeles, California on October 24, 2022.

/s/ Nathan M. Smith